United States District Court
District of Massachusetts

|  |  |
|---|---|
| Amin Karimpour,  )<br>) <br>      Plaintiff,  )<br>)<br>      v.  )<br>)<br>Stanley Black & Decker, Inc.  )<br>et al.,  )<br>)<br>      Defendants.  ) | Civil Action No.<br>21-11498-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the claims of age-based employment discrimination brought by Amin Karimpour ("Karimpour" or "plaintiff"), a former employee of defendant corporation Stanley Black & Decker, Inc. ("Stanley"). Karimpour has also named Rhonda Gass ("Gass") and Joseph Pereira ("Pereira") (collectively, with Stanley, "defendants"), both corporate officers at Stanley, as parties to this case and he brings state law claims for a hostile work environment, retaliation and discrimination under M.G.L. c. 151B ("Chapter 151B").

Plaintiff commenced this action in Massachusetts Superior Court for Suffolk County in August, 2021. Defendants removed the case on diversity grounds pursuant to 28 U.S.C. § 1332(a).

- 1 -

Pending before this Court are defendants' motion to dismiss all but one of the causes of action for failure to state a claim (Docket No. 7), as well as Karimpour's motion to remand (Docket No 15). Although the motion to remand was filed later, this Court will consider it first to resolve whether it has subject matter jurisdiction over the instant litigation, a prerequisite to considering the motion to dismiss.

## I. Background

As set forth in the complaint, Karimpour is a resident of Belmont, Massachusetts who began working at Stanley as a Business Systems Lead in 2017 when he was 53 years old. Stanley, headquartered in Connecticut, is a tool manufacturer with approximately 61,000 employees. Pereira is the chief information officer of the division in which Karimpour worked; he reports to Gass, who is the chief information officer of the entire company.

Karimpour alleges that, during the summer of 2018, he proposed the creation of a new position of Business Relationship Manager ("BRM"), to his manager, Brian Furtak ("Furtak"). Furtak subsequently discussed the proposal with Pereira and ultimately informed Karimpour in October, 2018 that the company would create such a position to be filled by Tim Schuch ("Schuch"), who is younger than Karimpour.

Thereafter, Karimpour wrote to Furtak, explaining that Schuch was unqualified for the role and that Karimpour himself would be a better choice. In that communication, Karimpour stated that the only qualification Schuch possessed was "youthful energy". Furtak later told Karimpour that Pereira had sought someone with "youthful enthusiasm" for the new position. In his new role Schuch directly supervised Karimpour.

In February, 2019, Karimpour filed a formal complaint with Convercent, a third-party administrator of internal complaints for Stanley, alleging that Pereira had discriminated against him on the basis of his age by failing to select him for the BRM position. Karimpour also asserted that Schuch, a graduate of a company-wide young leadership program, was given preferential treatment in the selection process and that Stanley had diverted from its own protocol in filling the new position. Karimpour contends that he subsequently faced pressure to withdraw that complaint. No action arose from it and it was ultimately closed, although Karimpour contends that the investigation into his allegations was insufficient.

During the spring of 2019, Karimpour submits that his team at Stanley underwent significant restructuring. An additional management position was created as part of that process and Stephen Mascola was purportedly selected for it by Pereira and

Gass.  In October, 2019, Karimpour lost his job during a company-wide reduction in force and he filed a complaint for discrimination with the Massachusetts Commission Against Discrimination ("MCAD") shortly thereafter.  More than two and a half years later, Karimpour brought this action seeking $2,400,000 in damages.

## II.  Motion to Remand

### A. Legal Standard

A defendant may remove a civil lawsuit initiated in state court to the United States District Court for the district where the state case was filed, so long as that court has "original jurisdiction" over the relevant case. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction of all civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  The party invoking federal jurisdiction must file a notice of removal within 30 days of being served with the initial pleading. 28 U.S.C. § 1446(b)(1).

That party also bears the burden of persuasion, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992), and must support the alleged bases of federal jurisdiction with "competent proof," Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010).  In assessing those bases, the Court is not constrained

by the allegations in the complaint and may consider all relevant evidence in the notice of removal and other case materials. See Egan, Flanagan & Cohen, P.C. v. Twin City Fire Ins. Co., No. CV 21-30041-NMG, 2021 WL 5207139, at *1 (D. Mass. Nov. 8, 2021); see also Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).

### B. Application

Here, defendants assert that removal is appropriate because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Defendants filed the notice of removal with this Court on September 13, 2021, after they were served with Karimpour's complaint on August 24, 2021.

The parties agree and the Court concurs that the amount in controversy requirement has been satisfied by the plaintiff's good faith claim for over $2 million in damages. Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001). Karimpour contends, however, that the case should proceed in state court because: (1) Stanley is a "citizen of Massachusetts", (2) removal is untimely (3) the claims arise from state law, (4) the related proceedings before the MCAD bar removal and (5) defendants are represented by local counsel. The three latter assertions are irrelevant to the jurisdictional analysis at issue on a motion to remand and the Court need not consider them

further. See 28 U.S.C. § 1332(a); Theidon v. Harvard Univ., 948 F.3d 477, 505 (1st Cir. 2020) (federal court assessing state claims arising under M.G.L. c. 151B after MCAD proceedings). The Court assesses only the first and second grounds on which Karimpour seeks remand in greater detail.

For jurisdictional purposes, a domestic corporation such as Stanley is deemed to be a citizen of both the state where it is incorporated and the state in which it maintains its principal place of business, 28 U.S.C. § 1332(c)(1), as of the date of the lawsuit's commencement, see ConnectU LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). A corporation maintains its principal place of business at its "nerve center," the location from which the corporation's "officers direct, control, and coordinate the corporation's activities." Hertz Corp., 559 U.S. at 92-93. The nerve center will not necessarily be where "the bulk of a company's business activities visible to the public take place" but rather where the "top officers [who] direct those activities" are employed. Id. at 96.

Karimpour asserts that Stanley is a citizen of Massachusetts because the corporation pays taxes in the Commonwealth, as well as employs people and maintains offices in the state. While those factors may be relevant to determine a corporation's principal place of business under certain

circumstances, they are irrelevant here because parties agree that Stanley is incorporated in Connecticut and its corporate headquarters, i.e. "the place where the buck stops", Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 41 (1st Cir. 2016), is there. The presence of employees and offices in Massachusetts is insignificant because Stanley is a very large, national corporation. Stanley is therefore a citizen of Connecticut but not of Massachusetts.

Parties do not dispute that Karimpour resides in Massachusetts, Pereira in Indiana and Gass in Connecticut. Therefore, because the plaintiff is not a citizen of the state of any defendant, see Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53 (1st Cir. 2009), the requirement of complete diversity is satisfied.

Defendant also timely filed their notice of removal with this Court. For purpose of removal, timeliness is based upon Karimpour's state court action rather than his MCAD proceeding because a MCAD complaint cannot be removed directly to this Court. See Whelchel v. Regus Mgmt. Grp., LLC, 914 F. Supp. 2d 83, 88 (D. Mass. 2012). Therefore, because less than 30 days elapsed between the defendants being served in the state court action and their filing, the notice was timely. 28 U.S.C. § 1446(b)(1).

The substantive and procedural requirements of removal have been satisfied and the plaintiff's motion to remand will therefore be denied.

### III. Motion to Dismiss

#### A. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio Hernandez v. Fortuno Burset, 640 F.3d 1, 12 (1st Cir. 2011).  A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts put forth in the complaint, documents incorporated by reference therein and facts susceptible to

judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

To safeguard the rights of pro se litigants, Courts should "construe liberally a pro se complaint". Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). That said, pro se plaintiffs are not insulated "from complying with procedural and substantive law." Id. The leeway afforded to pro se plaintiffs shields them when the Court "may intuit the correct cause of action, even if it was imperfectly pled" but it does not shield a litigant when the claim lacks the requisite factual support. Id.

### B. Application

Pursuant to M.G.L. c. 151B, § 4, it is illegal to discriminate based on age. In his complaint, Karimpour enumerates three claims based upon that statute, although he does not clearly differentiate among the causes of action he seeks to assert. Liberally construing the complaint, however, the Court perceives Karimpour to allege that each of the defendants discriminated him by: (1) conditioning severance payment on a release of legal claims, (2) failing to promote him due to age, (3) retaliating against him after he filed his internal complaint of discrimination and (4) creating a hostile work environment based on age. Defendants move to dismiss the

first, second and third of those causes of action, as well as all claims against Gass.

As a preliminary matter, it is well-settled law that an employer may condition receipt of a severance payment upon the release of claims, including those for age discrimination pursuant to M.G.L. c. 151B. See Duval v. Callaway Golf Ball Operations, Inc., 501 F. Supp. 2d 254, 263 (D. Mass. 2007). While such agreements may not be enforceable under all circumstances, see Runyon v. Wellington Mgmt. Co., LLP, No. 13-CV-11236-DJC, 2015 WL 1276825, at *1 (D. Mass. Mar. 20, 2015), no liability attaches to the proposal of such conditions. See id.; see also Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003).  Karimpour's first allegation therefore does not give rise to a cause of action.

Furthermore, a plaintiff alleging employment discrimination is required to file a complaint with the MCAD prior to initiating a civil action. See Preston v. Second Wind, Inc., 824 F. Supp. 2d 247, 250 (D. Mass. 2011).  The exhaustion of that administrative remedy is required:

> (1) to provide the MCAD with an opportunity to investigate and conciliate the claim of discrimination, and (2) to provide notice to the defendant of potential liability.

Pelletier v. Town of Somerset, 458 Mass. 504, 939 N.E.2d 717, 727 (2010) (quoting Cuddyer v. Stop & Shop Supermarket Co., 434

Mass. 521, 531 (2001)).  To ensure satisfaction of those prerequisites, plaintiffs are generally prohibited from introducing new claims or parties in a civil action arising from a MCAD complaint.  However,

> a claim that is not explicitly stated in the administrative complaint may be asserted in the subsequent [civil] action so long as it is based on the acts of discrimination that the MCAD investigation could reasonably be expected to uncover

Pelletier, 458 Mass. at 514 (quotation omitted).  Similarly, failure to name an individual as a respondent in a MCAD complaint need not bar a plaintiff from naming that individual as a defendant "if the charge puts that party's conduct at issue and if the party was on notice of the charge and had an opportunity to participate in the MCAD proceeding." Preston v. Second Wind, Inc., 824 F. Supp. 2d 247, 251 (D. Mass. 2011); see Cagle v. Estes, 531 F. Supp. 3d 419, 436 (D. Mass. 2021).  Where, as here, the plaintiff is pro se, "the administrative charge is liberally construed in order to afford the complainant the benefit of any reasonable doubt." Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996).

The original complaint Karimpour filed with the MCAD set forth allegations of age-based discrimination perpetrated by Periera and named Stanley as Karimpour's employer, thereby putting those parties on notice of the charge.  Gass, however, was entirely missing from the complaint and there is no

reference to her position within the company. Even "read as a whole," the complaint does not identify Ms. Gass such that she had "notice of [her] potential liability." Cagle, 531 F. Supp. 3d at 437. Karimpour made no attempt to amend his complaint to identify her nor is there any evidence that Karimpour learned of her alleged involvement after the time he filed his original complaint, which might provide justification for his initial omission. See Preston, 824 F. Supp. 2d at 251-252. The claims against Ms. Gass are therefore barred and will be dismissed.

There are two remaining claims upon which the two remaining defendants seek dismissal. Each will be addressed in turn.

### 1.     Failure to Promote

Karimpour asserts that defendants discriminated against him by failing to promote him based on his age. Even before assessing the merits of that assertion, Chapter 151B imposes a limitation period on such claims, requiring that any complaint arising thereunder must be filed with the MCAD within 300 days of the alleged act of discrimination. See M.G.L. c. 151B, § 5. Karimpour filed his MCAD complaint in December, 2019, well beyond that deadline to the extent the allegation is based upon Schuch's promotion which occurred in October, 2018. The claim is, therefore, time barred relative to that promotion. See Ocean Spray Cranberries, Inc. v. Mass. Comm'n Against Discrimination,

441 Mass. 632, 641, 808 N.E.2d 257, 265–66 (2004) (statute of limitations for act of discrimination based upon failure to promote began to run on date plaintiff denied promotion); Franchina v. City of Providence, 881 F.3d 32, 46-47 (1st Cir. 2018) (quotations and citations omitted) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify, and, consequently, those acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").

Karimpour also vaguely refers to discriminatory conduct with respect to the promotion of Mascola, which occurred in March, 2019, within that 300-day period. Even liberally construing Karimpour's pro se complaint, however, does not save his claim from dismissal because he has failed to satisfy the initial burden of demonstrating a prima facie case. See Ray v. Ropes & Gray LLP, 799 F.3d 99, 113 (1st Cir. 2015).

> To do so, he must offer evidence that: (1) he is a member of a protected class; (2) he was qualified for [the subject] job; (3) defendants failed to promote him to [the subject] job; and (4) defendants either kept the position opened or filled it with a similarly-qualified individual not in the protected class.

El-Sayed v. Carda CL New England, Inc., No. 14-14724-LTS, 2016 WL 3814808, at *2-3 (D. Mass. July 13, 2016); see Savage v. City of Springfield, No. 3:18-CV-30164-KAR, 2021 WL 858409, at *9 (D. Mass. Mar. 8, 2021). Setting aside

- 13 -

the first three factors, Karimpour has failed to provide the Court with any allegation that Mr. Mascola is not a member of the protected class, i.e. under forty years of age. See Knight v. Avon Prods., 438 Mass. 413, 420-21 (2003) (the class protected by Chapter 151B consists of those over forty years of age).  For that reason alone, the claim for failure to promote based upon Mascola's promotion cannot stand.

### 2. Hostile Work Environment

Chapter 151B may also be violated by subjecting an employee to an abusive or hostile work environment. Valentin-Almeyda v. Municipality of Aguadilla, 447 F.3d 85, 94 (1st Cir. 2006).  To establish such a claim, the evidence alleged must support a claim that the workplace was "permeated with discrimination, intimidation, ridicule, and insults that [are] sufficiently severe or pervasive to alter the conditions of [plaintiff's] employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).  Because there is no precise formula to assess such a claim, a court must consider the totality of circumstances, which includes:

> the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

Id. at 23.  The First Circuit Court of Appeals has emphasized that the standard for establishing such a claim "must be kept sufficiently demanding". O'Rourke v. City of Providence, 235 F.3d 713, 729 (1st Cir. 2001) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)).

In attempting to satisfy that standard, the incidents upon which Karimpour relies are Furtak's report that Pereira said he was looking for someone with "youthful enthusiasm" to fill the BRM position and the alleged failure of Stanley to investigate adequately or act based upon allegations of age-based discrimination.  Even accepting as true all of the facts alleged in the complaint, the first incident is a prime example of "offhand comments" that courts have uniformly found insufficient to establish a hostile workplace. Sepulveda-Vargas v. Caribbean Restaurants, LLC, 888 F.3d 549, 556 (1st Cir. 2018).  Regarding the second, "the failure to investigate...does not itself constitute retaliation or a hostile work environment." Payne-Callender v. Gavin, No. CV 19-11286-RGS, 2021 WL 495079, at *5 (D. Mass. Feb. 10, 2021) (citing Thurston v. Henderson, 230 F.3d 1347 (1st Cir. 2000)).  Karimpour has therefore failed to set forth a plausible claim for relief based upon a hostile work environment or other conditions from which this Court could reasonably infer liability.  Even in the context of Karimpour's

impassioned complaint, the discriminatory conduct alleged lacks the prerequisite severity or pervasiveness,

**ORDER**

For the foregoing reasons, the motion of plaintiff Karimpour to remand (Docket No. 15) is **DENIED** and the defendants' motion to dismiss (Docket No. 7) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 2, 2022