UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMIN KARIMPOUR<br>    Plaintiff<br><br>v.<br><br>STANLEY BLACK & DECKER, RHONDA GASS and JOSEPH PEREIRA Defendants | CIVIL ACTION NO.: 1:21-cv-11498-DLC |

### **PLAINTIFF'S MOTION FOR CORRECTION IN THE COURT PROCEEDINGS**

Plaintiff, Amin Karimpour, Seek the honorable court to correct the proceeding as this case has not gone through full litigation in Massachusetts district court on all the pending Motions and it is not ready for the appellate review. Plaintiff July 4th, 2022 Motion was to reserve the rights of appeal on honorable Judge decisions without hearing on a Pro Se' case filed in Massachusetts Superior Court.

First Circuit Court of Appeals had stated it has no jurisdiction over a case that has not gone through all the claims on the docket and hence dismissed the case several weeks ago. As plaintiff has asked the court in September of 2022, plaintiff had sought to reserve his rights on July 4th motion, under the law to appeal the case on the decisions that had already been made; with no hearing or jury of people as plaintiff has requested the courts.

The case should have been fully litigated on all issues in hand at Massachusetts District Court before it can be qualified for the appellate review per First Circuit Court of Appeal. Per clerk office of First Circuit Court of Appeal, it was out of First Circuit Court of Appeal jurisdiction to review and open case in the lower court. The dismissal of the case in the First

Circuit Court of appeal is based on its lack of Jurisdiction at the time which Massachusetts District Court had submitted it for Appellate review. This case has open items that both Plaintiff and defendant agree to be decided on by the jury of people and hence has not taken its full course in Massachusetts District Court before it can be qualified for appellate review.

    The court among all of its other judicial administrative mistakes, has mistakenly set the appeal proceeding in motion on not fully litigated case. Hence, the judge action and inactions has constituted obstruction of justice on this case from beginning when the court pulled this case out of Massachusetts Superior Court without a hearing.

Respectfully submitted,

Amin Karimpour

I, Amin Karimpour, declare I hereby certify that, on this 8th day of February 2023, I electronically filed the foregoing document through the CM/ECF system, which will send notification to the registered participants as identified on the Notice of Electronic Filing, and, on this day, I will cause a copy to be mailed to each of those indicated as non-registered participants.

____Amin Karimpour_____
Signature
66 Marlboro Street, Belmont, MA 02478

Dated: Feb 08th, 2023

# United States Court of Appeals
## For the First Circuit

No. 22-1689

AMIN KARIMPOUR,

Plaintiff - Appellant,

v.

STANLEY BLACK & DECKER, INC.; RHONDA GASS; JOSEPH PEREIRA,

Defendants - Appellees.

### ORDER OF COURT

Entered: September 30, 2022
Pursuant to 1st Cir. R. 27.0(d)

On July 4, 2022, plaintiff-appellant Amin Karimpour filed a notice of appeal (D. Ct. Dkt. #42) in district court no. 1:21-cv-11498-NMG (D. Mass.). Plaintiff-appellant appeals from the district court's May 2, 2022 order allowing the defendants-appellees' motion to dismiss some of the claims against them and denying plaintiff-appellant's motion to remand, and the district court's June 17, 2022 order denying reconsideration of its May 2, 2022 order. It appears, however, that a claim remains pending in the district court, and so the orders appealed from are not final judgments or appealable orders. See 28 U.S.C. §§ 1291, 1292; Ramirez v. Rivera-Dueno, 861 F.2d 328, 333 (1st Cir. 1988) (stating that, as a general matter, jurisdiction exists under 28 U.S.C. § 1291 where the appealed order terminates the case on the merits and only leaves the court to execute judgment).

Accordingly, plaintiff-appellant is ordered to either: (i) move for voluntary dismissal of this appeal pursuant to Fed. R. App. P. 42(b); or (ii) show cause, in writing, no later than **October 14, 2022**, why this appeal should not be dismissed for lack of jurisdiction. The failure to take either action will lead to the dismissal of this appeal for lack of diligent prosecution. See 1st Cir. R. 3.0(b).

By the Court:

Maria R. Hamilton, Clerk

cc:
Amin Karimpour, Christopher Anthony Duggan, Dana A. Zakarian