United States District Court
District of Massachusetts

| | |
|---|---|
| Amin Karimpour,  )<br>     )<br>     Plaintiff,   )<br>     )<br>     v.    )    Civil Action No.<br>     )    21-11498-NMG<br>Stanley Black & Decker, Inc.,  )<br>     )<br>     Defendant.   )<br>     ) | |

## MEMORANDUM & ORDER

GORTON, J.

Before the Court is plaintiff's motion for the "disqualification" of the judicial officer assigned to this case, pursuant to 28 U.S.C. § 455(a).

In May, 2022, this Court allowed defendant's motion to dismiss all claims except for plaintiff's retaliatory discharge claim. More than two years later and after extensive discovery and motion practice, this Court allowed defendant's motion for summary judgment on the remaining claim. Defendant has subsequently filed multiple motions for reconsideration, a motion to quash, and objections to defendant's bill of costs.

Defendant now moves for the disqualification of the judicial officer assigned to this case. For the reasons that follow, the motion will be denied.

-1-

Section 455(a) of Title 28 provides, in relevant part, that

> [a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

The inquiry is objective, asking if a reasonable member of the public, "fully informed of all the relevant facts, would fairly question the trial judge's impartiality." In re United States, 158 F.3d 26, 31 (1st Cir. 1998). None of plaintiff's allegations reasonably implicates this Court's impartiality.

Plaintiff first argues that the judge's suggestion to seek counsel reveals a bias against pro se plaintiffs. It does not. All civil litigants appearing pro se are urged by this judicial officer (and by all other judicial officers of whom he is aware) to retain counsel if he or she is able and such urging does not constitute any kind of bias. To implicate a judge's impartiality, comments must "reveal such a high degree of favoritism and antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). On the other hand, statements that express only "impatience, dissatisfaction, annoyance, and even anger" do not demonstrate disqualifying bias. Id. at 555-56.

Plaintiff also alleges that several of this Court's rulings reveal this judge's bias because they were made "without regard for the Plaintiff's claims." That is mistaken because "the mere fact that a judge has ruled against a litigant is not evidence

-2-

of bias and does not mandate recusal." Talley v. Tyler, 648 F. Supp. 3d 276, 282 (D. Mass. 2023).  Plaintiff does not identify a reason why any particular ruling would implicate this judge's impartiality beyond the fact that it was adverse to plaintiff.

Plaintiff further asserts that this Court has a "reputation for moving cases along quickly" and for "impos[ing] a personal limit of three years on cases on his docket," Docket No. 128 at 2, but does not provide a reason why any such case management decision would constitute bias. Plaintiff does not even articulate the case management decisions with which he takes issue.  In sum, he neglects to provide any "articulable facts" necessary to support recusal. In re United States, 666 F.2d at 695.  His claims constitute precisely the kind of "{u]nsupported speculation" that is "insufficient to warrant judicial recusal." Talley, 648 F. Supp. 3d at 282.

Finally, plaintiff posits that age played a role in "undermin[ing] [his] right to a fair proceeding." Docket No. 128 at 1.  Section 455(a) mandates disqualification when a judge's impartiality on a particular case might be called into question, not when his or her fundamental competency to preside over a case is challenged.  A trial court's unforced errors, whether due to age or some other cause, may be proper grounds for appeal, but not recusal. See Seguin v. Suttel et al., No. 13-cv-095-JNL-LM, 2013 WL 3461695, at *3 (D.R.I. July 9, 2013).

**ORDER**

For the foregoing reasons, plaintiff's motion for recusal (Docket No. 128) is therefore **DENIED**.

**So ordered.**

                                       /s/ Nathaniel M. Gorton
                                       Nathaniel M. Gorton
                                       United States District Judge

Dated:  October 31, 2024