United States District Court
District of Massachusetts

| | |
|---|---|
| Amin Karimpour,<br><br>      Plaintiff,<br><br>      v.<br><br>Stanley Black & Decker, Inc.,<br><br>      Defendant. | Civil Action No.<br>21-11498-NMG |

## MEMORANDUM & ORDER

**GORTON, J.**

This case arises from the claims of age-based employment discrimination and retaliation brought by Amin Karimpour ("Karimpour" or "plaintiff"), a former employee of defendant corporation Stanley Black & Decker, Inc. ("Stanley"), under M.G.L.c. 151B ("Chapter 151B"). Karimpour has also named Joseph Pereira ("Pereira") (collectively, with Stanley, "defendants"), a corporate officer at Stanley, as a party-defendant to this case.

In September, 2021, defendants moved to dismiss all of Karimpour's claims except Count I to the extent that he claims retaliatory discharge against Stanley and Pereira (Docket No. 7). The Court allowed that motion, at which time only

-1-

plaintiff's retaliation claim remained intact (Docket No. 30).[1]

In July, 2024, defendant moved for summary judgment on the lone remaining claim of retaliatory discharge. The Court allowed the motion and dismissed the entire case against Stanley.

Plaintiff then filed several motions, including a motion for the presiding judge to recuse himself from the case, which was denied. Now pending before the Court are 1) a motion for reconsideration of the summary judgment order (Docket No. 124), 2) a motion to reopen the case (Docket No. 125), and 3) a motion to compel discovery (styled as a "motion to quash") (Docket No. 126).

## I. Background

The factual background of this case and the allegations set forth in the complaint are laid out in detail in this Court's prior rulings on the motion to dismiss (Docket No. 30) and motions for summary judgment (Docket No. 121). To summarize briefly, Karimpour began work as a Business Systems Lead at Stanley in 2017, when he was 53 years old. Karimpour alleges that, in 2018, he proposed the creation of a new position at Stanley, which was ultimately approved by then filled by a

---

[1] Stanley corporate officer Rhonda Gass was a defendant in this case but plaintiff's claims against her were dismissed (Docket No. 30).

younger employee. Karimpour filed an internal complaint but asserts he was pressured to withdraw it. In the fall of 2019, as part of a company-wide reduction in force, Karimpour's direct supervisor, Steve Mascola ("Mascola"), was directed to eliminate one position. Mascola chose to lay off Karimpour rather than two other direct reports, both of whom were younger than Karimpour.

Karimpour first filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") alleging that Stanley terminated his employment because 1) of his age and 2) he filed a discrimination complaint after Schuch was hired for the BRM role. After conducting a thorough investigation, MCAD determined probable cause did not exist to support Karimpour's claims of age discrimination or retaliation. More than two and one-half years later, Karimpour initiated this action. Of the four claims raised in the complaint, only Karimpour's retaliation claim survived the motion to dismiss but was subsequently dismissed on Stanley's motion for summary judgment.

## II. **Legal Standard**

The Court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration. Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008). The United States Supreme Court has cautioned that

courts should be loathe to reconsider orders in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.

Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)) (internal quotation marks omitted).

A party cannot use a motion for reconsideration to "rehash arguments previously rejected or to raise ones that" could or should have been made before a judgment was issued. Soto-Padro v. Public Bldgs. Authority, 675 F.3d 1, 9 (1st Cir. 2012). A court may grant reconsideration under Fed. R. Civ. P. 59 only if the movant demonstrates that an intervening change in controlling law, a clear legal error, or newly discovered evidence warrants modification of the judgment. In re Genzyme Corp. Sec. Litig., 754 F.3d 31, 46 (1st Cir. 2014) (citing Fed. R. Civ. P. 59). Mere disagreement with a judicial decision is not an adequate basis for reconsideration. Ofori v. Ruby Tuesday, Inc., 205 Fed. App'x 851, 852-53 (1st Cir. 2006).

### III. **Application**

Although his motion is purported to be a motion for reconsideration of the order allowing summary judgment, plaintiff raises several disagreements with prior rulings of this Court that have already been litigated multiple times over. Insofar as the instant motion seeks reconsideration of the order

-4-

allowing the motion to dismiss or denials of plaintiff's requests for hearing, they are denied. Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990) ("Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court.").

With regard to the summary judgment order, plaintiff asserts that this Court made a clear legal error in ruling that "the time gap was insufficient to establish a causal connection" between plaintiff's protected activity and his subsequent termination. Plaintiff, however, mischaracterizes the ruling, which relied on far more than the gap in time to conclude that plaintiff had not carried his burden of production.

The "facts" upon which plaintiff relied to establish the requisite causal connection in the first instance were not supported anywhere in the record. Defendant articulated a legitimate reason for plaintiff's termination: plaintiff's supervisor was ordered to lay off one of his three direct reports and plaintiff did not have the engineering skills that the other two employees possessed. Under Massachusetts law, the burden then shifted back to plaintiff to demonstrate that the legitimate motivation articulated by defendant was pretextual. Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., 474 Mass. 382, 405-06 (2016). Plaintiff did not submit

any admissible evidence to support the theory that the reasons defendant proffered for plaintiff's termination were a pretext for retaliation. This Court therefore properly applied the burden-shifting framework necessary to analyze a retaliation claim and reasonably concluded that plaintiff had not presented facts sufficient to carry his burden.

Plaintiff's motion goes on to rehash facts supporting the retaliation claim and to argue that this Court did not view them in the light most favorable to plaintiff. On the contrary, the Court did so construe the facts but even that favorable construction could not save plaintiff's claim, which ultimately "amount[ed] to no more than conclusory speculation" unable to withstand a motion for summary judgment. Medina-Rivera v. MVM, Inc., 713 F.3d 132, 139-40 (1st Cir. 2013). Plaintiff appears simply to disagree with this Court's assessment of the weight of the evidence presented, which is not a valid basis for reconsideration. See Ofori, 205 Fed. App'x at 852-53.

The Court has not "misapprehended some material fact or point of law" and thus plaintiff's motion to reconsider is not an adequate vehicle to revisit his case. Id. There is no perceived legal error nor any newly discovered evidence that would warrant a change in judgment or a reopening of the case. Theidon v. Harvard Univ., 948 F.3d 477, 508 (1st Cir. 2020).

As such, all of plaintiff's claims have been dismissed.

The judgment is final. This Court will not entertain requests for discovery in a closed action and will therefore deny plaintiff's motion to compel. See Batavitchene v. Clarke, No. 10-cv-11854-DJC, 2011 WL 3841930, at *2 (D. Mass. Aug. 29, 2011).

ORDER

For the foregoing reasons, plaintiff's motion for reconsideration (Docket No. 124), motion to reopen the case (Docket No. 125) and motion to quash (Docket No. 126) are therefore **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: March 18, 2025