United States District Court
District of Massachusetts

| | |
|---|---|
| Amin Karimpour, <br><br> Plaintiff, <br><br> v. <br><br> Stanley Black & Decker, Inc., <br><br> Defendant. | Civil Action No. 21-11498-NMG |

### MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff Amin Karimpour ("Karimpour" or "plaintiff") brought this action, pro se, against his former employer, Stanley Black & Decker, Inc. ("Stanley" or "defendant"), alleging employment discrimination and retaliation. In May, 2022, this Court allowed defendant's motion to dismiss all claims except for plaintiff's retaliatory discharge claim.

More than two years later and after extensive discovery and motion practice, this Court allowed defendant's motion for summary judgment on the remaining claim and defendant submitted its bill of costs. Plaintiff filed objections to the bill of costs in addition to multiple motions for reconsideration, which are addressed herein. For the reasons that follow, this Court will approve defendant's bill of costs and deny plaintiff's

-1-

remaining motions.

## I. Bill of Costs

Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Congress has set boundaries for what costs of litigation are taxable. Pursuant to 28 U.S.C. § 1920, a court may award certain costs of litigation to prevailing parties, including

> [f]ees of the clerk and marshal [and] [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case.

In this matter, defendant requests court fees ($402) and fees for transcripts ($1,767), for a total of $2,169. Plaintiff responds that defendant not only should bear its own costs but also should reimburse him for his litigation expenses. As justification, plaintiff contends that defendant opted to remove the case to federal court and failed to cooperate during discovery.

As a preliminary matter, the Court rejects plaintiff's request for costs. He inaccurately claims that judgment was entered against defendant. It was not. Plaintiff cites neither a rule of civil procedure nor a federal statute which would allow this Court to award costs to a non-prevailing party. See Coyante v. Puerto Rico Ports Authority, 105 F.3d 17, 23-24 (1st

Cir. 1997) (affirming district court's refusal to award fees to a plaintiff who "did not prevail . . . and has provided neither justification nor legal authority to support her claim that she is entitled to costs and expenses as a non-prevailing party").

Given the presumption in favor of awarding costs to the prevailing party in a case, Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981), the burden falls on the non-prevailing party to proffer an explanation which would overcome that presumption. Essex Home Mortg. Servicing Corp. v. Century Mortg. Co., 1995 WL 301418, 1995 WL 301418, at *1 (D. Mass. May 12, 1995) (quoting Baez v. U.S. Dep't of Just., 684 F.2d 999, 1004 (D.C. Cir. 1982)). Karimpour does not do so. He cites not a single case in which a court declined to award costs to a prevailing party due to its removal of the case to federal court or its lack of cooperation during discovery. Karimpour does not identify any such obstruction, nor can the Court find a plausible explanation based on a review of the docket. Although plaintiff filed multiple motions which he labeled as "motions for discovery," the substance of those motions challenged aspects of the action unrelated to discovery. (Docket Nos. 84, 91, 98).

The Court will therefore award costs to defendant in the amount of $2,169.

## II. Motions to Reconsider

Plaintiff has recently filed three motions that are almost entirely duplicative of motions he previously submitted to, and decided by, this Court. They are labeled as follows: 1) "motion for reconsideration of order denying recusal and granting summary judgments," ("Motion 1"), 2) "motion to reverse March 18 2024, ruling and address judicial bias claim first,"[1] ("Motion 2") and 3) "second motion for recusal" ("Motion 3"). Motion 1 challenges both the award of summary judgment in favor of defendant and the denial of plaintiff's motion for recusal. Motions 2 and 3 seek reconsideration of the recusal order only.

### a. Summary Judgment (Motion 1)

Although plaintiff labels Motion 1 as a motion for "reconsideration" of the summary judgment order, a review of the docket and timing of the relevant filings demonstrates that Motion 1 is, in fact, a late-filed reply.

The Court granted summary judgment in favor of defendant on September 5, 2024. Plaintiff filed his first motion for reconsideration of the summary judgment order (Docket No. 124) on September 16, 2024. Before this Court ruled on that motion, plaintiff filed Motion 1 on November 2, 2024 (Docket No. 143). The Court subsequently denied plaintiff's initial

---

[1] Labeled on the docket as a "first motion to alter judgment."

reconsideration motion, i.e., Docket No. 124, on March 18, 2025. As such, Motion 1 is merely a mislabeled reply in support of plaintiff's first motion for reconsideration, rather than a succeeding motion for reconsideration.

Pursuant to Local Rule 1.3, the Court need not consider that reply given that it was filed in violation of Local Rule 7(b)(3), which requires parties to seek leave of Court before filing a reply. In any event, the Court has already denied the subject motion.

### b. Recusal (Motions 1, 2 and 3)

The Court denied plaintiff's original motion for recusal because, pursuant to 28 U.S.C. § 455(a), plaintiff failed to show any reason why a member of the public, "fully informed of all the relevant facts, would fairly question the trial judge's impartiality." In re United States, 158 F.3d 26, 31 (1st Cir. 1998). Plaintiff now moves, several times over, for reconsideration of that denial.

Under Fed. R. Civ. P. 59, a court may grant reconsideration under only if the movant demonstrates that an intervening change in controlling law, a clear legal error, or newly discovered evidence warrants modification of the judgment. In re Genzyme Corp. Sec. Litig., 754 F.3d 31, 46 (1st Cir. 2014) (citing Fed. R. Civ. P. 59). Mere disagreement with a judicial decision is

not an adequate basis for reconsideration. Ofori v. Ruby Tuesday, Inc., 205 Fed. App'x 851, 852-53 (1st Cir. 2006).

Karimpour fails to identify any change in the law, legal error or new evidence that would warrant reconsideration. His latest pleadings raise nearly identical arguments as those put forward in his initial motion to recuse. He cannot use reconsideration as a vehicle to "rehash arguments [this Court] previously rejected" in its initial order. Soto-Padro v. Public Bldgs. Authority, 675 F.3d 1, 9 (1st Cir. 2012).

The only new arguments this Court can discern are that 1) this Court made a typographical error in its order (a mistake which this Court quickly corrected) and 2) the Court's order itself demonstrated the presiding judge's lack of impartiality. A mistake of law, if made, is not evidence of bias, nor is a quickly-corrected, factual misstatement. See Panzardi-Alvarez v. United States, 879 F.2d 975, 984 n.7 (1st Cir. 1989) (citing In re Cooper, 821 F.2d 833, 843 (1st Cir. 1987) (per curium)). Moreover, the fact that the decision on recusal was not in plaintiff's favor does not constitute "new evidence" of bias worthy of reconsideration. See Talley v. Tyler, 648 F. Supp. 3d 276, 282 (D. Mass. 2023) ("[T]he mere fact that a judge has ruled against a litigant is not evidence of bias and does not mandate recusal."). Plaintiff identifies no other specific

aspect of the order that he believes demonstrated bias.

As such, this Court will deny plaintiff's requests for reconsideration of its order denying recusal.

### ORDER

For the foregoing reasons,

- defendant's bill of costs (Docket No. 123) is **APPROVED** in the amount of $2,169;

- plaintiff's second motion for reconsideration (Docket No. 143) is **DENIED**;

- plaintiff's motion to alter the judgment (Docket No. 149) is **DENIED**; and

- plaintiff's second motion for recusal (Docket No. 155) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: May 12, 2025